**VALLE et al. v. STENGEL et al.**
Civ. No. 10502.

District Court, D. New Jersey.
Feb. 9, 1948.

544

Pesin & Pesin, of Jersey City, N. J., for plaintiffs.

Albert S. Gross, of Hackensack, N. J., for defendants.

SMITH, District Judge.

This is an action under the Civil Rights Act, 8 U.S.C.A. § 43, to recover damages allegedly sustained by the plaintiffs as the result of the infringement of the civil rights secured by the Fourteenth Amendment. Each of the plaintiffs asserts a separate and distinct claim for damages against the defendants. The jurisdiction of the court is predicated solely upon the said Act and subdivision 12, Section 41, of Title 28 U.S.C.A.

The action is before the Court at this time on the motion of the defendants to dismiss the complaint, in support of which there are two grounds urged: first, the failure of the complaint to state a claim upon which relief can be granted; and second, the lack of jurisdiction. It is our opinion that this motion should be granted.

The allegations of the respective counts of the complaint may be briefly summarized as follows: first, the defendants were the owners and operators of a private amusement park; second, the plaintiff, a member of the Negro race, having paid the usual admission fee, was admitted to the park; third, the plaintiff, having been admitted, was denied access to the swimming pool in the park because of his race; and fourth, the plaintiff was forcibly ejected from the park by the defendants, one of whom was the Chief of Police. It is further alleged that the plaintiff was deprived "of rights, privileges and immunities secured by the Constitution and laws of the United States," particularly the equal right "to make and enforce a contract."

The pertinent provisions of the Civil Rights Act, enacted after the ratification of the Fourteenth Amendment, reads as follows: "Every person who, under *color of any statute,* ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the *deprivation* of any rights, privileges, or immunities *secured by the Constitution* and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." (Emphasis by the Court).

It is clear upon a mere reading of these provisions that they were intended to protect only the rights, privileges and immunities secured by the Constitution against the arbitrary action of state officers "under color of any statute, ordinance, regulation, custom, or usage" of the state. The provisions are limited in their application not only by their express language but also by the constitutional amendments they implement. The Civil Rights Act has been so construed, Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330; Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497; Hodges v. United States, 203 U.S. 1, 27 S.Ct. 6, 51 L.Ed. 65; Barney v. City of New York, 193 U.S. 430, 24 S.Ct. 502, 48 L.Ed. 737, and it is obvious that any other construction would render the Act unconstitutional. See Civil Rights Cases, 109 U.S. 3, 3 S.Ct. 18, 32, 27 L.Ed. 835.

There is no allegation in the complaint that the action of the defendants was under color of any statute or municipal ordinance, or under pretense of law. This is a mere formal defect which may be corrected by the amendment of the pleadings. The complaint, however, when thus amended and viewed in the light most favorable to the plaintiffs, fails to state a claim for relief cognizable under the Act. The full and equal enjoyment of the accommodations and facilities of a private amusement park is not a right or privilege secured by the Constitution. It necessarily follows that the Act, as heretofore construed, may not be invoked.

The first and second sections of the Civil Rights Act of 1875, 18 Stat. 336, as distinguished from the present Act of 1871, was clearly intended to secure to all persons, regardless of race and color, "the full and equal enjoyment of the accommodations, advantages, facilities, and privileges of inns, * * *, theaters, and other places of public amusement." These sections were held "unconstitutional and void." Civil Rights Cases, supra. The construction urged by the plaintiffs in this case would require us to read into the present Act the first and second sections of the Act of 1875. This cannot be done without disregarding the laws of the Civil Rights Cases.

Mr. Justice Bradley, in the opinion of the Court in the cited case, stated 109 U.S. at page 17, 3 S.Ct. at pages 25, 26, 27 L.Ed. 835: "The wrongful act of an individual, unsupported by any such authority, is simply a private wrong, or a crime of that individual; an invasion of the rights of the injured party, it is true, whether they affect his person, his property, or his reputation; but if not sanctioned in some way by the state, or not done under state authority, his rights remain in full force, and may presumably be vindicated by resort to the laws of the state for redress. An individual cannot deprive a man of his right to vote, to hold property, to buy and to sell, to sue in the courts, or to be a witness or a juror; he may, by force or fraud, interfere with the enjoyment of the right in a particular case; he may commit an assault against the person, or commit murder, or use ruffian violence at the polls, or slander the good name of a fellow-citizen; but unless protected in these wrongful acts by some shield of state law or state authority, he cannot destroy or injure the right; he will only render himself amenable to satisfaction or punishment; and amenable therefor to the laws of the state where the wrongful acts are committed. Hence, in all those cases where the constitution seeks to protect the rights of the citizen against discriminative and unjust laws of the state by prohibiting such laws, it is not individual offences, but abrogation and denial of rights, which it denounces, and for which it clothes the congress with power to provide a remedy. This abrogation and denial of rights, for which the states alone were or could be responsible, was the great seminal and fundamental wrong which was intended to be remedied."

It cannot be seriously urged that the action of the defendants was "under color of statute." Their action violated the laws of New Jersey, and particularly R.S. 10:1-3, N.J.S.A. 10:1-3, which provides: "No owner, lessee, proprietor, manager, * * * agent or employee of any such place" (places of public accommodation, resort or amusement) "shall directly or indirectly refuse, withhold from, or deny to, any person any of the accommodations, advantages, facilities or privileges thereof, * * * on account of race, creed, or color." R.S. 10:1-6, N.J.S.A. 10:1-6 provides: "Any person who shall violate any of the provisions of Sections 10:1-2 to 10:-1-5 of this Title * * * shall, for each and every violation thereof, forfeit and pay the sum of not less than one hundred dollars ($100.00) nor more than five hundred dollars ($500.00), to the State, to be recovered in an action at law, with costs, and shall also, for every such violation, be deemed guilty of a misdemeanor, and upon conviction thereof, shall be subject to a fine of not more than five hundred dollars ($500.00), or imprisonment of not more than ninety days, or both."

The ejection of the plaintiffs from the park after their admission upon payment of the usual fee was undoubtedly a breach of contract, and their forcible ejection from the park by the defendants may have constituted an assault. These were private wrongs which may be redressed in the state courts and under the laws of the state; they were private wrongs which may be redressed in this court under the laws of the state, provided, of course, that the elements essential to jurisdiction are present. The claims for relief based upon these wrongs, however, are not cognizable under the Civil Rights Act.

Each of the plaintiffs Samuel Scott, Morris Horowitz and James Peck, in the eighteenth, nineteenth, twenty-second, twenty-third, twenty-fourth and twenty-fifth

counts of the complaint, alleges that he was "falsely imprisoned and detained" by the defendant Stengel, the Chief of Police. This allegation, without more, is insufficient to sustain a claim for relief under the Civil Rights Act. There is no allegation that the said defendant acted either under color of statute or pretense of law to deprive the plaintiffs of a constitutional right, an essential element of a cause of action under the Act. Snowden v. Hughes, supra; Picking v. Pennsylvania R. Co., 3 Cir., 151 F.2d 240. The plaintiffs may have a cause of action under the Act, but they have failed to properly assert it. They will be accorded the opportunity of amending these counts of the complaint.

The motion to dismiss the complaint is granted as to all the counts except counts eighteen, nineteen, twenty-two twenty-three, twenty-four and twenty-five. The defendants shall prepare and submit, on notice to the plaintiffs, an appropriate order.